IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| DARIN ROBERT WARD, | : | |
| Plaintiff | : | |
| VS. | : | NO. 5:07-CV-231 (HL) |
| Attorney ALLEN ADAMS, | : | |
| Defendant | : | **ORDER** |

Plaintiff **DARIN ROBERT WARD**, a pretrial detainee at the Upson County Jail in Thomaston, Georgia, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983.

## *I. IN FORMA PAUPERIS APPLICATION*

Plaintiff seeks leave to proceed without prepayment of the filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). As it appears plaintiff is unable to pay the cost of commencing this action, his application to proceed *in forma pauperis* is hereby **GRANTED**.

However, even if a prisoner is allowed to proceed *in forma pauperis*, he must nevertheless pay the full amount of the $350.00 filing fee. 28 U.S.C. § 1915(b)(1). If the prisoner has sufficient assets, he must pay the filing fee in a lump sum. If sufficient assets are not in the account, the court must assess an initial partial filing fee based on the assets available. Despite this requirement, a prisoner may not be prohibited from bringing a civil action because he has no assets and no means by which to pay the initial partial filing fee. 28 U.S.C. § 1915(b)(4). In the event the prisoner has no assets, payment of the partial filing fee prior to filing will be waived.

Plaintiff's submissions indicate that he is unable to pay the initial partial filing fee. Accordingly, it is hereby **ORDERED** that his complaint be filed and that he be allowed to proceed without paying an initial partial filing fee.

Hereafter, plaintiff will be required to make monthly payments of 20% of the deposits made to his prisoner account during the preceding month toward the full filing fee. The agency having custody of plaintiff shall forward said payments from plaintiff's account to the clerk of the court each time the amount in the account exceeds $10.00 until the filing fees are paid. 28 U.S.C.§1915(b)(2). The clerk of court is directed to send a copy of this Order to the business manager and the warden of the institution where plaintiff is confined.

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915A, a federal court is required to dismiss a prisoner's complaint against a governmental entity or officer or employee of a governmental entity at any time if the court determines that the action "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." A claim is frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint may be dismissed for failure to state a claim on which relief may be granted when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Scheuer v. Rhodes*, 416 U.S. 232 (1974).

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege two elements. First, the plaintiff must allege that an act or omission deprived him of a right,

privilege or immunity secured by the Constitution of the United States. *See Wideman v. Shallowford Community Hosp., Inc.*, 826 F.2d 1030, 1032 (11th Cir. 1987). Second, the plaintiff must allege that the act or omission was committed by a person acting under color of state law. *Id*.

### III. STATEMENT AND ANALYSIS OF PLAINTIFF'S CLAIMS

Plaintiff names attorney Allen Adams, who is apparently employed with the Public Defender's Office, as the only defendant in this action. Plaintiff states that on January 24, 2006, Mr. Adams would not tell him why the disorderly conduct charge that was pending against him was dismissed. Apparently plaintiff is also charged with child molestation. Plaintiff complains that he is still in jail and has not had a hearing. Plaintiff states that he has given Mr. Adams information that would assist in his defense of the child molestation charge; but Mr. Adams has done " nothing at all" with this information. Plaintiff complains that Mr. Adams has not filed any motions or requested any hearings.

Apparently plaintiff has accused Mr. Adams of drug use because plaintiff states that he "put[] a petition on him for drugs." According to plaintiff, Mr. Adams did not tell the court about this charge. It appears that plaintiff is now represented by other counsel.

Plaintiff's claims against Mr. Adams must be dismissed as frivolous. In any §1983 action, the plaintiff must allege that the action or omission was committed by a person acting under color of state law. *Parratt v. Taylor*, 451 U.S. 527, 535, *overruled in part on other grounds*, 474 U.S. 327 (1986). It is well settled that allegations against criminal defense attorneys, court appointed or privately retained, do not state a claim under 42 U.S.C. § 1983 because such attorneys do not act under "color of state law" when they act as attorneys for criminal defendants. Therefore, services performed by Allen Adams simply do not constitute action under color of state law. *See Nelson v. Stratton*, 469 F.2d 1155 (5th Cir.

1972); *O'Brien v. Colbath*, 465 F.2d 358 ( 5th Cir. 1972).[1]

## IV. CONCLUSION

For the reason explained above, plaintiff's 42 U.S.C. § 1983 action must be **DISMISSED** as frivolous pursuant to 28 U.S.C. § 1915A.

**SO ORDERED**, this 19th day of June, 2007.

*s/ Hugh Lawson*
HUGH LAWSON
UNITED STATES DISTRICT JUDGE

lnb

---

[1] In *Bonner v. City of Pritchard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent the decisions of the former Fifth Circuit Court of Appeals rendered prior to October 1, 1981.